[No. 17298.  Department Two.  November 18, 1922.]

Rose M. Bowie, *Respondent*, v. National City Bank
of Seattle, *Appellant*.[1]

Bills and Notes (49-2)—Negotiability—Indorsement of Non-Negotiable Bills—Agency—Relation Between Bank and Depositor. An interim receipt issued to another bank by a Federal reserve bank for a United States certificate of indebtedness is not a negotiable instrument, but simply creates an agency for the purpose of securing the certificate of indebtedness; and hence where the agency bank wrongfully disposed of the receipt to another bank, in violation of instructions or after an alleged forgery of the name of the customer for whom the certificate was purchased, the last bank's indorsement of the interim receipt does not render it liable to the customer for the value of the certificate, such customer never having had possession of the receipt, her name being indorsed (or forged) thereon merely to indicate the person for whom the agency bank acted.

Appeal from a judgment of the superior court for King county, Ronald J., entered February 3, 1922, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action for conversion. Reversed.

*Almon Ray Smith,* for appellant.

*Irving H. Randolph,* for respondent.

Hovey, J.—The complaint of respondent in this case is substantially as follows:

"(1) That on January 13, 1921, plaintiff instructed the State Bank of Black Diamond to purchase for her U. S. Certificates of Indebtedness in the sum of five hundred dollars ($500), and paid said bank the five hundred dollars ($500), which was received and accepted by the bank for that purpose.

"(2) That the State Bank of Black Diamond denied ever receiving the certificates or any return for her money.

"(3) That said bank failed.

"(4) That on June 4, 1921, plaintiff filed a claim

[1]Reported in 210 Pac. 498.

against the assets of said bank in the hands of the state bank commissioner.

"(5) That plaintiff thereafter, and in August, 1921, learned that interim receipt No. 455 for United States of America Certificates of Indebtedness in the sum of five hundred dollars ($500) had been received by said bank covering its subscription for a like amount of such certificates of indebtedness.

"(6) That said receipt was issued by the Federal Reserve Bank of San Francisco.

"(7) That said Bank subscribed for said certificates in its own name instead of in the name of plaintiff as instructed.

"(8) That T. Fournier, Cashier of said bank, endorsed upon said interim receipt 'Pay to the order of Mrs. W. P. Bowie—State Bank of Black Diamond, T. Fournier, Cashier.'

"(9) That Mrs. W. P. Bowie is the plaintiff.

"(10) That some person forged the name Mrs. W. P. Bowie on the back of said receipt.

"(11) That the following endorsements appear on said receipt;

   " 'State Bank of Black Diamond,
    " 'T. Fournier, Cashier.
  " 'The National City Bank of Seattle,
    " 'H. G. Hotchkiss, Cashier.'

"(12) That on August 13, 1921, plaintiff demanded said interim receipt or its value from defendant, The National City Bank, but defendant refused to deliver same to her or pay her the value thereof.

"(13) That said interim receipt with endorsements is in words and figures following:

" 'Interim Receipt         No. 455
   " 'United States of America
   " 'Certificates of Indebtedness

             $500.00

" 'This certifies that Federal Reserve Bank of San Francisco has received and credited to the Treasurer of the United States

    " 'Five Hundred Dollars

covering the subscription of State Bank of Black Diamond, Black Diamond, Wash. for a like amount of

United States of America Certificates of Indebtedness.

" 'Definitive certificates of the Secretary of the Treasury of the United States, will be delivered, or the proceeds thereof paid or credited at the option of the subscriber, only upon return of this receipt properly endorsed.

" 'Certificates of indebtedness of this issue will not be accepted in payment of taxes.

" '5½% Dated February 15, 1921

" 'Due July 15, 1921.   Series G-1921.

" 'Federal Reserve Bank of San Francisco

" 'E. C. Mailliard                              Jno. U. Calkins

" 'Assistant Cashier              .                     Governor

Registered        Approved

   W. I. N.           M. R.'

"Written on the back of the foregoing receipt is the following:

" 'Pay to the order of MRS. W. P. BOWIE, Black Diamond,

           " 'State Bank of Black Diamond,

              " 'T. Fournier, Cashier.

" 'Mrs. W. P. Bowie,

" 'State Bank of Black Diamond,

   " 'T. Fournier, Cashier.

" 'The National City Bank of Seattle

   " 'By H. G. Hotchkiss, Cashier.

   " 'Pay to the order of Any Bank, Banker or Trust Co.

     " 'All  previous  endorsements  guaranteed

         " '19-1          Jul 1 1921          19-1

" 'Seattle Branch Federal Reserve Bank of San Francisco.' "

Appellant demurred, and its demurrer being overruled, elected to stand thereon; but prior to the taking of judgment, respondent introduced certain testimony consisting of photostatic copies of the interim receipt mentioned in the complaint and of the receipt for the interim receipt signed by the State Bank of Black. Diamond which were then in the possession of Mr.

K. S. Lapp, a special deputy supervisor of banking. Thereupon the default of the defendant was entered for failure to plead further and judgment was rendered in favor of the respondent for the amount of the certificate. The judgment of the trial court finds that the money paid by the respondent to the State Bank of Black Diamond became a trust fund until the interim receipt was issued, and that thereafter the interim receipt became the property of the respondent, and that appellant took the interim receipt upon a forged endorsement and acquired no title.

It will be seen that there is no allegation that the interim receipt ever passed into the hands of the appellant and there was no testimony to that effect, but the liability claimed in the complaint is because of the endorsement of the interim receipt by the appellant.

In this court it is conceded that the receipt is not a negotiable instrument, and it necessarily follows that the appellant would not be liable by the mere fact of endorsement.

When the true nature of the transaction is considered, it amounted simply to the creation of an agency by the respondent to the State Bank of Black Diamond for the purpose of securing a certificate of indebtedness for $500, and the complaint nowhere alleges any conduct inconsistent with such action. The interim receipt was merely evidence of the fact that the State Bank of Black Diamond had deposited with the Federal Reserve Bank the sum of $500 for a certificate of indebtedness to be delivered when available upon the return of the receipt, and for all that appears in the complaint the State Bank of Black Diamond secured this certificate of indebtedness and would be held to possess the same as the property of respondent. The endorsement of the respondent's name upon the in-

terim receipt merely indicated the person for whom the bank was acting, and it was not necessary to secure the endorsement of the respondent to a receipt which she never received or was intended to receive. Even assuming that the receipt passed through the hands of appellant, it was but fulfilling the instructions of respondent to the State Bank of Black Diamond, and if the endorsement of respondent's name be considered unauthorized, this did not affect the fulfilment of the compact of agency.

The judgment is reversed, with directions to sustain the demurrer to the complaint.

PARKER, C. J., and MAIN, J., concur.

TOLMAN, J., concurs in the result.